UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**PAM BASSEL,**

　Appellant,

v.                                                          No. 4:22-cv-0994-P

**VICTORIA FLORITA DURAND-DAY,**

　Appellee.

## OPINION & ORDER

Before the Court is the Memorandum Opinion and Order of the United States Bankruptcy Judge (ECF No. 5). For the reasons below, the Court **AFFIRMS** and **ADOPTS** the reasoning and opinion of the Bankruptcy Judge in Case Nos. 22-40089-MXM-13 and 22-40625-MXM-13.

## BACKGROUND

This appeal arises from the approval of two Chapter 13 Bankruptcy Plans—the "Evans Plan" and the "Durand-Day Plan." Both plans call for the repayment of 100% of each Debtor's general unsecured debt over a five-year period, except for each Debtor's federal student loans.

In the Bankruptcy Court, the Debtors and the Trustee stipulated that: (1) the student loan obligations at issue are nondischargeable under 11 U.S.C. § 523(a)(8), (2) the loans are currently in deferment, and (3) by their terms, the final payments for each student loan will be due after the conclusion of the five-year commitment period in which the Debtors' general unsecured debts are paid.

The Bankruptcy Judge concluded that both Debtors had the financial resources available to repay 100% of their general unsecured debts and their outstanding student loans within the commitment period. But the Bankruptcy Judge separately classified the student loan creditors such that those loans were allowed to be repaid by the terms of their contracts. The Trustee objected to this classification on two bases:

(1) this classification of the student loan creditors was unfairly discriminatory, and (2) both plans therefore failed to meet either the 100% test or the disposable-income test required by statute, since the student loan debt could have been paid within five years and less than all of the Debtors' disposable income was committed to repaying creditors.

The Bankruptcy Judge overruled the Trustee's objections and approved the plans, concluding that the separate treatment of student loan debts is authorized by statute, and since they are nondischargeable, the bankruptcy plans may provide for them to be repaid by their terms—even of those payments outlast the bankruptcy commitment period.

Neither student loan creditor objected in the Bankruptcy Court, and there is no indication that Debtors will be unable to satisfy their student loan obligations.

The Trustee now appeals.

## LEGAL STANDARD

In reviewing the decision of a bankruptcy court, the district court functions as an appellate court and applies the standard of review used in a federal court of appeals. *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992). Therefore, the district court reviews the Bankruptcy Court's findings of fact for clear error and any conclusions of law de novo. *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003).

## ANALYSIS

The question is whether the Bankruptcy Court erred in determining that the repayment of Debtors' student loans after the conclusion of the commitment period were payments made "under the plan" for the purposes of approving the plans under the Bankruptcy Code. Thus, this Court reviews the Bankruptcy Court's Opinion de novo.

Chapter 13 bankruptcy is governed by 11 U.S.C. § 1328(a). 11 U.S.C. § 1328(a). Debtors may obtain discharge of their debts through a court-confirmed payment plan that directs payment of their debts out of their future income over a period of time, and the court shall grant discharge

2

of the debts "as soon as practicable after completion . . . of all payments under the plan." 11 U.S.C. § 1328(a).

Section 1325(b)(1)(A) provides that a plan may only be approved if the amount of a creditor's claim does not exceed "the value of the property to be distributed under the plan on account of such claim" ("the 100% test") or that all the debtor's projected disposable income over the course of the payment period be contributed to repaying unsecured creditors ("the disposable income test"). 11 U.S.C. § 1325(b)(1)(A). But § 1322(b)(5) provides that a bankruptcy plan may provide for the curing of any secured or unsecured claim within a reasonable time where "the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5). In exchange for their compliance, the debtor is entitled to a discharge of all debt provided for by the plan except those debts provided for under § 1322(b)(5) or disallowed under other applicable sections of the Code. *Matter of Foster*, 670 F.2d 478, 484 (5th Cir. 1982). Thus, nondischargeable debt may be dealt with "under the plan" by maintaining payments on those debts beyond the close of the bankruptcy petition. *In Matter of Kessler*, 655 F. App'x 242, 244 (5th Cir. 2016).

A plan may place substantially similar individual claims in particular classes provided that the discrimination between the classes is not unfair. 11 U.S.C. § 1122; *In re Potgieter*, 436 B.R. 739, 743 (Bankr. M.D. Fla. 2010). To be fair, the discrimination must serve a rational, legitimate purpose of the debtor and must not over-favor an advantaged class. *In re Simmons*, 288 B.R. 737, 751 (Bankr. N.D. Tex. 2003) (holding modified by *In re King*, 460 B.R. 708, 710-11 (Bankr. N.D. Tex. 2011)). If a classification results in a class's being repaid less than the amount they would have received without the discrimination between classes, the discrimination is unfair. *Id.*

The unique nature of student loan debt warrants their classification under Debtors' Bankruptcy Plans. Student loan debt is not granted priority under the Bankruptcy Code—so there is no obligation that it be paid in full during a bankruptcy plan—student loans continue accruing interest during a bankruptcy plan's commitment period if a debtor ceases making payments, and Congress declared certain government

3

educational loans nondischargeable under Chapter 13 through the Student Loan Default Prevention Initiative Act of 1990. *Potgieter*, 436 B.R. at 741. Thus, debtors have every incentive to maintain payments on student loans during the course of bankruptcy because they: (1) continue to mount interest or applicable penalties, (2) cannot be relieved, and (3) will remain on the books until they are repaid.

Moreover, this classification is fair because Debtors' student loans are treated no differently than those debts which will be repaid in full during the commitment period. Here, both Debtors' classes of student loan debts and classes of their general unsecured debts will be paid in full, whether through the terms of the Plans—as in the case of the general unsecured creditors—or by the terms of the debts' contract—in the case of the student loans. *See* ECF No. 5 at 13–14. And §§ 1122, 1322, and 1325 all provide the statutory mechanisms to classify and permit the student loans to be repaid under their contracts rather than by the end of the commitment period of the bankruptcy plan. This is what the Bankruptcy Court did here: the court grouped these nondischargeable, non-priority debts together and permitted them to be repaid by their own schedule under § 1322(b)(5).

The Trustee principally challenges this practice based on the theory that—since Debtors' student loans will be in forbearance during the execution of the Plans—that Debtors' student loan payments are no longer payments "under the plan" as required by statute. *See* ECF No. 6 at 13. Summed up, the Trustee contends that "[they] have not found any courts that held that payments made after the plan ends and the case is closed are payments under the plan." *Id.* This discreet issue, argues the Trustee, causes the Plans to fail, because without repaying all their student loans within plan period, the Plans do not meet either test necessary to be approved.

The Fifth Circuit has held post-plan payments made directly from debtor to creditor to constitute payments "under" their respective bankruptcy plans. *Matter of Kessler*, 655 F. App'x at 244. In *Kessler*, the debtors' Chapter 13 bankruptcy plans provided for the repayment of their pre-petition mortgage arrears and post-petition mortgage payments. *Id.* The district court denied the debtors' motion for

4

discharge, because the post-petition mortgage payments provided for by their plans were payments *under* their plans. *Id.* Thus, discharge was improper, because § 1328(a) provides that a court may grant discharge only after completion of "*all* payments under the plan." *Id.*

Such is the case here. The fact that Debtors' student loans are currently in forbearance does not mean that their repayment will not be "payments under the plan." The Bankruptcy Court fairly classified the student loan debts and statutorily provided for those debts under Debtors' plans by permitting them to be repaid on their contractually provided schedules. Thus, the 100% test met because the value of all Debtors' unsecured claims—aside from the student loans—did not exceed the sum available to repay them. The fact that Debtors' student loans are currently in forbearance does not take Debtors off the hook to repay them. And, as in *Kessler*, Debtors' student loan payments are still payments "under their plans" even if the payments continue beyond the end of the commitment period of their respective bankruptcy plans.

## CONCLUSION

Having conducted a de-novo review of the Bankruptcy Judge's Memorandum Opinion and Order, the Court concludes that the opinions in case Nos. Case Nos. 22-40089-mxm-13 and 22-40625-mxm-13 ought to be and are hereby **AFFIRMED** and **ADOPTED.**

**SO ORDERED** on this **18th day of August 2023**.

*[Signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

5